UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2026-BO

**Christopher Mosby**,

            Petitioner,

v.

**George T. Solomon**,

            Respondent.

**Order & Memorandum & Recommendation**

Petitioner Christopher Mosby, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1), accompanied by a brief in support of his petition (D.E. 1-1). Respondent George T. Solomon, Director of Prisons, filed an initial answer (D.E. 13), a motion to dismiss (D.E. 14), and a memorandum in support of his motion to dismiss (D.E. 11). Solomon argues that Mosby's claims are barred by the statute of limitations contained in 28 U.S.C. § 2244(d)(1) and the non-exhaustion doctrine contained in 28 U.S.C. § 2254(b)(1)(A). Mot., D.E. 14. Mosby responded to the motion (D.E. 16) and filed a motion to clarify his claim for relief (D.E. 15).

Mosby is a prisoner of the State of North Carolina presently confined at Columbus Correctional Institution in Whiteville, North Carolina. Pet. at 1, D.E. 1. On November 17, 1994, Mosby was convicted of second degree murder and sentenced to a term of life imprisonment. He appealed to the North Carolina Court of Appeals, which found no error and affirmed the judgment. *State v. Mosby*, No. COA95-504 (N.C. Ct. App. Nov. 7, 1995) (unpublished); *see also* Ex. 1, Mem. Supp. Mot. Dismiss, D.E. 11. The North Carolina Parole Commission

("Parole Commission") granted Mosby parole on June 18, 2011. Pet. at ¶ 12. However, on October 26, 2012, the Parole Commission revoked Mosby's parole for absconding. *Id.*

On February 10, 2015, Mosby filed this habeas petition. Mosby alleges that: (1) the term of his parole was beyond the statutorily dictated maximum length and that his incarceration for violating the terms of his parole violates the Eighth Amendment; and (2) his Sixth Amendment right to counsel was violated when the State failed to continue his revocation hearing until Mosby could obtain counsel. *See* Br. at 5, D.E. 1-1. Solomon argues that Mosby's petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), and that Mosby failed to exhaust his remedies under state law as required by 28 U.S.C. § 2254(b)(1). Mot. to Dismiss, D.E. 14. Solomon did not respond to Mosby's Motion to Clarify.

After review, the court grants Mosby's Motion to Clarify (D.E. 15). The court also determines that Mosby's petition for a writ of habeas is untimely pursuant to § 2244(d)(1) and that Mosby failed to exhaust his state remedies as required by § 2254(b)(1). Therefore, the undersigned recommends[1] that the district court grant Solomon's Motion to Dismiss (D.E. 14) and deny Mosby's petition without prejudice (D.E. 1).

**I.     Standard of Review**

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 132 S. Ct. 1327 (2012); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *accord Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

complaint's legal conclusions drawn from the facts. *See*, *e.g.* *Iqbal*, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302 (quotation omitted); *see Iqbal*, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *See* Fed. R. Evid. 201; *Tellabs. Inc. v. Makor Issues & Rights. Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a § 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the [section] 2254 petitioner to be true." *Walker v. Kelly*. 589 F.3d 127, 139 (4th Cir. 2009) (quotation omitted); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). As part of a Rule 12(b)(6) motion, a court also may consider a challenge based on the one-year statute of limitations. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. *See, e.g.*, *Walker*, 589 F.3d at 139. Here, the key issue before the court is whether Mosby's habeas petition is outside the statute of limitations contained in 28 U.S.C. § 2244(d)(1).

**II. Discussion**

**A. Motion to Clarify**

The court first addresses Mosby's motion to clarify his claim. D.E. 15. In the motion, Mosby reasserts the facts of his case and argues new grounds for relief. Mosby's motion is granted and the court considers it in conjunction with the other documents filed in this case.

3

### B. Motion to Dismiss

The court turns to consideration of Solomon's motion to dismiss. Solomon contends that the petition should be dismissed because the one-year statute of limitations has expired. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action … is removed …;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The limitation period under § 2244(d)(l) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 560 & n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. *See Taylor*, 186 F.3d at 561. The period between the time a petitioner's conviction becomes final and the time that a petitioner files a state application for post-conviction relief counts against the one-year period of limitation. *See, e.g.*, *Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the

state court of appeals denies a petitioner's certiorari petition. *See Hernandez*, 225 F.3d at 438–39.

The court must first determine when Mosby's judgment became final pursuant to § 2244(d)(1)(A). Under § 2244(d)(1), Mosby's limitations period began to run on the later of the date when his state court judgment became final, § 2244(d)(1)(A), or when Mosby became aware of the factual predicate of his claims, § 2244(d)(1)(D).[2] Because Mosby's conviction became final prior to AEDPA's effective date, he had one year from AEDPA's enactment on April 24, 1996 in which to file a petition. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). However, pursuant to § 2244(d)(1)(D), Mosby would have become aware of the factual predicate of his claims when his parole was revoked on October 26, 2012. *See Wade*, 327 F.3d at 333; *Cook v. Smith*, No. 1:08-CV-300, 2011 WL 1230793, at *4, (M.D.N.C. Mar. 28, 2011) (finding that the petitioner's limitation period began to run at the time he was "suspended" from the MAPP and denied parole).[3] Because § 2244(d)(1)(D) affords Mosby the latest possible accrual date, his claim accrued on October 26, 2012 and the one-year limitations period expired on October 26, 2013. *See Hernandez*, 225 F.3d at 439 (noting that the one-year statute of limitations should be calculated using the anniversary date method). Mosby has not responded to the argument that his petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 644–49 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[2] Even though Mosby is presently in custody by virtue of the Parole Board's decision to revoke his parole, his limitations period runs from his 1994 conviction. *See Wade v. Robinson*, 327 F.3d 328, 331 (2003), *cert. denied,* 540 U.S. 912 (2003).

[3] Neither party argues that subsections (B) or (C) of § 2244(d)(1) apply to this case.

5

circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation omitted); *see Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under § 2244 in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green*, 515 F.3d at 304 (quotations omitted). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris*, 209 F.3d at 330. Mosby does not contend that he is entitled to statutory or equitable tolling. Absent tolling, Mosby's petition is time-barred, and the petition should be dismissed.

Additionally, Solomon contends that Mosby has not exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Pursuant to § 2254(b)(1)(A), a habeas petition for an inmate in state custody shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." *Id.* "[A] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues" before presenting them for federal habeas review. *Boerckel*, 526 U.S. at 845. This holds true for habeas petitions challenging state parole revocation decisions. *See Brewer v. Dahlbert*, 942 F.2d 328, 337–39 (6th Cir. 1991). "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Warren v. Smith*, No. 5:13-HC-2220-D, 2015 WL 631331, at *3 (E.D.N.C. Feb. 12, 2015) ("A failure to exhaust is fatal to a section 2254 petition.").

Mosby argues that he is excused from exhausting his state remedies because there is no right to appeal the decision of the Parole Commission. Pet. 5. In North Carolina, a petitioner seeking habeas corpus relief in connection with a Parole Commission decision must first exhaust available administrative remedies before seeking relief in the state court system. *State v. Leach*, 227 N.C. App. 399, 411, 742 S.E.2d 608, 616, *review denied* 367 N.C. 222 (2013); *see also Freeman v. Johnson*, 82 N.C. App. 109, 109, 373 S.E.2d 565, 565 (1988). However, he may proceed directly to the state court system if "some clear constitutional violation has occurred." *Leach*, 227 N.C. App. at 411, 742 S.E.2d at 616. In order to exhaust the remedies in the state court system, a petitioner must file a state habeas petition with the state trial court, and, if that is denied, "seek a writ of habeas corpus in the North Carolina Court of Appeals or the Supreme Court of North Carolina." *Warren v. Smith*, 2015 WL 631331, at *3–4. Here, Mosby has not sought an available administrative remedy from the Parole Commission, nor has he sought relief through the state court system. Accordingly, he has failed to exhaust his state remedies as required by § 2254(b)(1)(A) and his § 2254 petition should be dismissed without prejudice. *See id.* (dismissing without prejudice an application for a § 2254 writ of habeas corpus for failure to exhaust state remedies).

## III. Conclusion

Based on the foregoing, the undersigned grants Mosby's Motion to Clarify (D.E. 15) and recommends that the district court grant Solomon's Motion to Dismiss (D.E. 14) and deny Mosby's § 2254 petition without prejudice (D.E. 1).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum

7

Case 5:15-hc-02026-BO   Document 18   Filed 12/02/15   Page 7 of 8

and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: F gego dgt 4. 4237

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE