IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2026-BO

CHRISTOPHER MOSBY,

        Petitioner,

v.

GEORGE T. SOLOMON,

        Respondent.

**ORDER**

This matter is before the court on the Order and Memorandum and Recommendation ("Order and M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) [D.E. 18]. The court ADOPTS the Order and M&R.

**BACKGROUND**

On February 10, 2015, petitioner Christopher Mosby, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1] accompanied by a brief in support of the petition [D.E. 1-1]. Mosby alleged that: (1) the term of his parole was beyond the statutorily dictated maximum length and that his incarceration for violating the terms of his parole violates the Eighth Amendment; and (2) his Sixth Amendment right to counsel was violated when the State failed to continue his revocation hearing until Mosby could obtain counsel. See Br. [D.E. 1-1] 5. The matter was referred to Judge Numbers pursuant to 28 U.S.C. § 636(b)(1)(C) for entry of a memorandum and recommendation. On July 1, 2015, Judge Numbers entered a Memorandum and Order allowing the action to proceed [D.E. 6]. Respondent George T. Solomon, Director of Prisons, filed an initial answer [D.E. 13], a motion to dismiss [D.E. 14], and a memorandum in

support of his motion to dismiss [D.E. 11]. On August 4, 2015, Mosby filed a Motion to Clarify Claim [D.E. 15]. On December 2, 2015, Judge Numbers entered his Order and M&R granting Mosby's Motion to Clarify Claim, see Order and M&R [D.E. 18] 3, and recommended that the court dismiss Mosby's habeas petition without prejudice on the grounds that the petition is untimely pursuant to 28 U.S.C. § 2244(d)(1) and that Mosby failed to exhaust his remedies under state law as required by 28 U.S.C. § 2254(b)(1)(A). See id at 2. On December 18, 2015, Mosby filed a motion for discovery [D.E. 20]. On December 21, 2015, Mosby filed objections to the Order and M&R [D.E. 22].

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendations. Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the Order and M&R, the record, and the pleadings. Mosby objects to Judge Numbers' conclusion that his petition is untimely. See Obj. [D.E. 22] 1. Judge Numbers concluded that Mosby's petition was untimely pursuant to § 2244(d)(1) because Mosby filed his petition after the one year limitations period for filing a § 2254 petition had expired, and that the limitations period had not been tolled. Order and M&R [D.E. 18] 5–6. Thus, Judge Numbers recommended that respondent's motion to dismiss be granted and Mosby's petition be dismissed.

2

Id. at 7. Mosby responds that he was using "due diligence" in seeking review. See Obj. [D.E. 22] 1. However, Mosby fails to provide the court an explanation or citation of applicable authority to establish how his § 2254 petition can be considered timely filed. Instead, Mosby devotes his time to reiterating the arguments made in his habeas petition. Id. at 1–2. Mosby raises no authority questioning that presented within the Order and M&R. Having reviewed that authority, the court concludes that the conclusions reached in the Order and M&R are legally correct.

As to Judge Numbers' conclusion in the Order and M&R that Mosby has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1)(A), see Order and M&R [D.E. 18] 7, Mosby has made no objection and therefore the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court has reviewed the Order and M&R, the record, and the pleadings and is satisfied that there is no clear error on the face of the record.

## CONCLUSION

The court ADOPTS the Magistrate Judge's Order and M&R [D.E. 18]. The motion to dismiss [D.E. 14] is GRANTED and the petition is DISMISSED WITHOUT PREJUDICE. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. Daniel, 529 U.S. 473, 484 (2000). In light of the foregoing, Mosby's motion for discovery [D.E. 20] is denied as moot. The clerk shall close the case.

SO ORDERED. This ⟨2⟩ day of February 2016.

TERRENCE W. BOYLE
United States District Judge

3

Case 5:15-hc-02026-BO   Document 23   Filed 02/03/16   Page 3 of 3